UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEDRA DYSON, et al.,              ) | |
| )| |
| Plaintiffs                           ) | |
| vs.                                      ) | CIVIL ACTION NO. 4:17-cv-02584-NAB |
| )| |
| BAYER CORPORATION, et al.,  ) | |
| )| |
| Defendants                         ) | |

\* \* \* \* \* \* \*

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

Plaintiffs respectfully submit this Notice of Supplemental Authority to alert the Court to a recent decision from the Twenty-Second Judicial Circuit, City of St. Louis, Missouri in *Dorman, et al., v. Bayer Corp., et al.*, No. 1622-CC00690-01 (Mo. Cir. Ct. St. Louis City, Oct. 19, 2017) (attached hereto as Exhibit A), denying Bayer's motion to dismiss for lack of personal jurisdiction, preemption, and for failure to state a claim, ***in its entirety***.

Similar to the Plaintiffs in this action, the *Dorman* plaintiffs are citizens of Missouri and other various states who filed suit against Bayer as a result of injuries caused by the Essure birth control device. *See* Ex. A, at 1. *Dorman* involves the same product as in this case (Essure), similar allegations as the Plaintiffs complain of in the instant case, and Defendants make similar arguments for why the Plaintiffs' claims should be dismissed in this case.

**A.     Specific Personal Jurisdiction Exists As To All Plaintiffs' Claims.**

In *Dorman*, the court held that specific personal jurisdiction ***did exist*** over the same Bayer defendants as to both the Missouri *and* non-Missouri plaintiffs' claims. The Bayer defendants in *Dorman* argued, just as they argue in this case, that the non-Missouri plaintiffs' claims should be dismissed for lack of personal jurisdiction because those plaintiffs did not

1

allege that they received Essure in Missouri or that they were injured in Missouri.[1] Ex. A, at 2. The *Dorman* plaintiffs argued, just as the Plaintiffs here argue, that jurisdiction in Missouri is proper because the Bayer defendants committed tortious acts in Missouri against all plaintiffs, including negligent and wrongful conduct in connection with the design, development, testing, promotion, marketing, distribution, and labeling of Essure in Missouri. *Id.* at 3. Specifically, the *Dorman* plaintiffs alleged, like the Plaintiffs do here, that there is specific personal jurisdiction over the Bayer defendants because Bayer developed, created a marketing strategy for, created a label for, and worked on the regulatory approval for Essure in St. Louis, Missouri, including using Missouri hospitals and Missouri physicians as investigators. *Id.* at 4.

The *Dorman* court concluded that **all** of the plaintiffs' allegations arose out of and related to Bayer's contacts with St. Louis, Missouri. *Id.* Additionally, the court distinguished *BMS*, noting that the Supreme Court specifically pointed out that the defendants in that case "did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or work on the regulatory approval of the product in California," but that the Defendants in *Dorman* **did** engage in those activities in St. Louis, Missouri. *Id.* at 5. Notably, the *Dorman* court held that the reasoning in *BMS* supported the court's ruling that it had specific jurisdiction over Bayer. *Id.*

For these and the other reasons already expressed to this Court, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Remand this action to the Circuit Court of the City of St. Louis.

---

[1] The Bayer defendants rely heavily on *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 137 S. Ct. 1773, 2017 U.S. LEXIS 3873 (U.S. June 19, 2017) ("*BMS*") to support their position that personal jurisdiction does not exist over the non-Missouri claims.

2

Dated: October 27, 2017

                                       */s/ Eric D. Holland*
                                       Eric D. Holland (Mo. Bar # 39935)
R. Seth Crompton (Mo. Bar # 57448)
**HOLLAND LAW FIRM**
300 N. Tucker Blvd., Suite 801
Saint Louis, MO 63101
Tel: (314) 241-8111
Fax: (314) 241-5554
ehollandallfela.com
scrompton@allfela.com

Lewis O. Unglesby (La. Bar #12498)
Lance C. Unglesby (La. Bar #29690)
Adrian M. Simm Jr. (La. Bar #36673)
*(Pro Hac Vice Applicant Anticipants)*
**UNGLESBY + WILLIAMS**
607 St. Charles Avenue
New Orleans, Louisiana 70130
Tel: (504) 345-1390

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    Respectfully submitted,

    */s/ Eric D. Holland*
    Eric D. Holland (Mo. Bar # 39935)
    R. Seth Crompton (Mo. Bar # 57448)
    **HOLLAND LAW FIRM**
    300 N. Tucker Blvd., Suite 801
    Saint Louis, MO 63101
    Tel: (314) 241-8111
    Fax: (314) 241-5554
    ehollandallfela.com
    scrompton@allfela.com